Dorris KEMP, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–01093–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 8, 1994.

Rehearing Overruled Jan. 5, 1995.

Arthur C. Washington, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Sally Ring, Houston, for appellees.

Before COHEN, HEDGES and WILSON, JJ.

## OPINION

HEDGES, Justice.

Appellant, Dorris Kemp, pled not guilty to the offense of attempted murder. A jury found her guilty and assessed punishment at six-years confinement.

In one point of error, appellant argues that she received ineffective assistance of counsel at trial in violation of her rights under the Sixth Amendment of the United States Constitution. We affirm.

### Facts

On June 14, 1992, Edgar Sonnier (complainant) was visiting his wife, Gwen Sonnier, and their son at Mrs. Sonnier's apartment. When he opened the door to leave the apartment, he was shot. He fell against the steps and saw the appellant inside the apartment. Appellant never denied shooting complainant but claimed that the shooting was accidental.

This shooting climaxed an ongoing saga involving appellant and Gwen Sonnier. Appellant testified that she and Mrs. Sonnier were lesbian lovers during the time that Mrs. Sonnier and Mr. Sonnier were separated. Mrs. Sonnier denied the existence of a homosexual relationship. She complained that, to the contrary, she refused to engage in such a relationship despite appellant's continuous badgering.

Mrs. Sonnier refused to communicate with appellant after she and her husband decided to try to reconcile. Appellant testified that Mrs. Sonnier refused to repay a large sum of money appellant had loaned her.

One week before the shooting incident, appellant confronted Mr. and Mrs. Sonnier about Mrs. Sonnier's debt and about their clandestine homosexual relationship, whereupon Mrs. Sonnier became "very upset and went crazy." These feelings ultimately culminated in the shooting of complainant.

### Ineffective Assistance of Counsel

In point of error one, appellant contends her trial counsel's assistance was ineffective in that he failed to question veniremembers during voir dire on their opinions concerning

homosexuality, given the certainty that it would be an issue at trial.

■ The proper standard for reviewing claims of ineffective assistance of counsel under the Sixth Amendment is the test adopted by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). The *Strickland* court adopted a two-pronged test for claims of ineffective assistance under which the defendant must show (1) that counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment; and (2) that counsel's deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To show prejudice, "[t]he defendant must show ... reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■ Under *Strickland,* the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. at 2065.

We have found no authority under which a conviction has been reversed based on ineffective assistance of counsel where the sole alleged ineffective act involved the conduct of voir dire by trial counsel. All the cases cited by appellant involve error predicated on either a trial court's refusal to permit a defendant to inquire at voir dire about an area of legitimate interest or a trial court's permitting the State to inquire into prohibited subjects. All involved objection by the defendant at trial, and none involved an ineffective assistance argument.

Ruling on a closely related issue, the Court of Criminal Appeals has written that a trial counsel's failure to challenge a veniremember who has voiced his lack of impartiality does not constitute ineffective assistance under *Strickland.* *Delrio v. State,* 840 S.W.2d 443 (Tex.Crim.App.1992). In *Delrio,* veniremember Martinez informed the trial court on voir dire that he was an ex-narcotics officer and that he knew the defendant from his work as a narcotics officer. He told the trial court that he could not be impartial in the defendant's trial for drug-related offenses. Defense counsel neither challenged Martinez for cause nor struck him peremptorily. In its opinion, the Court of Criminal Appeals speculated that defense counsel may have declined to remove Martinez from the venire because he and the defendant shared an Hispanic background, and that defense counsel may have thought that Martinez, as an ex-narcotics officer, might be more lenient in assessing punishment. Noting that the record was silent about the reasons for defense counsel's decision not to challenge Martinez, and citing the strong presumption in *Strickland* against a finding of ineffective assistance, the court determined that the record was insufficient to overcome that presumption.

The court explicitly reaffirmed this holding and expanded its rationale in *Jackson v. State,* 877 S.W.2d 768 (Tex.Crim.App.1994). In *Jackson,* during voir dire, the trial judge asked the veniremembers whether any of them had been robbery victims. Veniremember John Supinski stated that he had been the victim of a robbery and was biased against robbers. Appellant's trial counsel did not challenge Supinski for cause, nor did he use a peremptory strike against Supinski. As a result, Supinski eventually was seated on the jury, in the twelfth slot. In *Jackson,* as in *Delrio,* the record evidenced no reason why Jackson's trial counsel failed to challenge veniremember Supinski. The court declined to engage in conjecture about the trial counsel's rationale, stating that "[t]he speculations we offered in *Delrio* were not material to our determination that counsel in that case had not been proven ineffective." *Id.* at 771. Instead, the court analyzed the point of error strictly on the basis of the record before it:

The first prong of *Strickland* is not met in the instant case. Due to the lack of evidence in the record concerning trial counsel's reasons for not challenging or striking venire member Supinski, we are unable to conclude that appellant's trial counsel's performance was deficient. Consistently with *Strickland,* we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he made all significant decisions in the exercise of reasonable professional judgment. The record in the instant case contains no evidence to rebut that presumption.

*Id.* (Citations omitted).

 In the case before us, the record is silent regarding the failure of appellant's trial counsel to question the venire about anti-homosexual sentiment. In light of that record, we cannot disregard the strong presumption mandated by *Strickland* in favor of a determination of sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. We need not speculate about what that trial strategy might have been.

We recognize that only in a rare and egregious circumstance would a record on direct appeal suffice to rebut the presumption of sound trial strategy. We agree with Justice Maloney's concurrence in *Jackson,* 877 S.W.2d at 772, in which he stated that "as a general rule one should not raise an issue of ineffective assistance of counsel on direct appeal." He wrote that, as a general proposition, a trial record is insufficient to address claims of ineffective assistance of counsel in light of the "strong presumption that (trial) counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* An appellate court reviews a trial court record, which is directed to the issues of guilt or innocence and punishment with an eye toward errors allegedly committed in relation to those issues. Performance of counsel cannot generally be adequately examined based on a trial court record. In order to properly evaluate an ineffective assistance claim, a court needs to examine a record focused specifically on the conduct of trial counsel. Such a record is best developed in the context of a hearing on applica-

tion for writ of habeas corpus or motion for new trial. Judge Maloney cited *Ex parte Menchaca,* 854 S.W.2d 128, 130 (Tex.Crim.App.1993) as a paradigm of how such a record should be developed.

Even if this record rebutted the *Strickland* presumption of sound trial strategy, appellant has not demonstrated that trial counsel's performance prejudiced the defense. Therefore, she has not met the second prong of the *Strickland* test.

We overrule point of error one.

We affirm the judgment of the trial court.