

# NUMBER 13-08-00076-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE ALEJANDRO JARDON
A/K/A JOSE GONZALES,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

On appeal from the 36th District Court
of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

This is an appeal from the convictions of appellant Jose Alejandro Jardon a/k/a Jose

Gonzales for aggravated kidnapping, sexual assault of a child, and indecency with a child.

*See* Tex. Penal Code Ann. § 20.04(a) (Vernon 2003), §§ 21.11(a), 22.021(a)(1)(B)

(Vernon Supp. 2009). By one issue, Jardon complains that his trial counsel provided ineffective assistance. We affirm.

## BACKGROUND[1]

Jardon was indicted for one count of aggravated kidnapping, two counts of aggravated sexual assault, and one count of indecency with a child in connection with his alleged abduction and sexual assault of a twelve-year-old girl. The case proceeded to trial, and the jury returned a guilty verdict on all counts. The jury sentenced Jardon to twenty years' incarceration in the Texas Department of Criminal Justice–Institutional Division and assessed a $10,000 fine for the aggravated kidnapping count; life imprisonment and a $10,000 fine for the sexual assault counts; and twenty years' incarceration and a $10,000 fine for the indecency count. The sentences were ordered to run concurrently. After appointment of new counsel, this appeal ensued.

## STANDARD OF REVIEW AND APPLICABLE LAW

To establish a claim for ineffective assistance of counsel, appellant must show (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there was a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 664, 668 (1984); *Mallett v. State*, 65 S.W.3d 59, 62 (Tex. Crim. App. 2001). The probability of a different result must be "sufficient to undermine confidence in the outcome," and a lawyer's deficient performance must undermine the "proper functioning of the adversarial process"

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

such that the result of the trial cannot be reliable. *Mallett*, 65 S.W.3d at 62; *Thompson v. State*, 9 S.W.3d 808, 812-813 (Tex. Crim. App. 1999).

Whether the *Strickland* test has been met is to be judged on appeal by the totality of the circumstances, not by any isolated acts or omissions. *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Our review of counsel's representation is deferential, and we presume that counsel gave his client professional assistance. *Mallett*, 65 S.W.3d at 62 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). The appellant bears the burden of proof to show by a preponderance of evidence that his counsel's performance was below that which is objectively reasonable. *Thompson*, 9 S.W.3d at 813. To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof." *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.–Corpus Christi 1999, pet. ref'd). Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813-14; *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). This is true because, normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see Jaynes*, 216 S.W.3d at 855.

## DISCUSSION

By his sole issue on appeal, Jardon argues that his trial counsel's assistance was ineffective and that his ineffective assistance affected the result of his case. Jardon

3

specifically objects to counsel's failure to (1) file a motion to suppress Jardon's statement to the sheriff's department and later object to its admission at trial, (2) object to the admission of the video recording of Jardon's arrest,[2] (3) object to the admission of the photo lineup showed to the victim, (4) move for a mistrial after a juror informed the trial court that he knew one of the State's witnesses, and (5) present sufficient testimony at the punishment phase of the trial to rehabilitate Jardon. Jardon also appears to contend that the fact that he received the maximum sentence available for sexual assault of a child is, in itself, indicative of counsel's ineffective assistance.

However, because Jardon did not file a motion for new trial on ineffective assistance grounds and did not elicit any testimony regarding trial counsel's reasons for not taking the preceding actions about which Jardon complains, there is no evidence in the record that the actions of Jardon's trial counsel were not the result of sound and reasonable trial strategy. *See Jaynes*, 216 S.W.3d at 855. Without this specific evidence of trial counsel's decision-making process and strategy, we cannot conclude that Jardon has overcome the strong presumption that trial counsel provided professional, objectively reasonable assistance. *See Mallett*, 65 S.W.3d at 62; *Thompson*, 9 S.W.3d at 813. And because we are unable to conclude that trial counsel's performance fell below an objectively reasonable standard, Jardon has not met the first prong of *Strickland*. *See Jaynes*, 216 S.W.3d at 855 (citing *Mallett*, 65 S.W.3d at 67). Jardon's issue is overruled.

---

[2] The record does not contain a transcript or copy of the video recording of Jardon's arrest. Therefore, we could only speculate as to the reason why trial counsel did not object to its admission. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

## CONCLUSION

The judgment of the trial court is affirmed.

_____

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 21st
day of January, 2010.

5