# NO. 12-09-00217-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSHUA DELANEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joshua Delaney appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for life. In his sole issue, Appellant contends that he received ineffective assistance of counsel during his trial on punishment. We affirm.

### BACKGROUND

Appellant pleaded guilty to the offense of aggravated robbery. He was placed on deferred adjudication community supervision. In 2004, the trial court revoked Appellant's community supervision, found him guilty of aggravated robbery, and sentenced him to life imprisonment. We reversed that sentence on appeal and remanded the case for another punishment hearing. *See Delaney v. State*, No. 12-07-00035-CR, 2008 WL 2571715 (Tex. App.–Tyler June 30, 2008, no pet.). After remand, the trial court sentenced Appellant to life imprisonment. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective because he failed to present mitigating evidence.

### Standard of Review and Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, the appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id*. The appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id*. The appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.]

1994, pet. ref'd).

**Discussion**

In the case at hand, Appellant's trial counsel offered no evidence during the trial on punishment. After closing arguments, Appellant relayed to the trial court that he told his trial counsel about sources of potentially mitigating evidence prior to the trial, including that he was working on his associate's degree in biblical studies, he received his pastoral attainment, he had a history of homelessness, his probation officer was aware of his attempts to obtain employment, and that he had employment that was set to begin the day after his arrest. He argues that at least three types of potential witnesses could have been called: professors in his associate's degree program, his church instructors, and his probation officer.

Yet, Appellant's factual assertions concerning such mitigating evidence and the uncalled witnesses that would testify thereto are not supported by the record. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding that to obtain relief on ineffective assistance of counsel claim based on uncalled witness, accused must show witness had been available to testify and testimony would have been of some benefit to defense). Appellant made no showing that these witnesses were in fact available and that Appellant would have benefitted from their testimony.

Appellant nevertheless argues that the failure to present any mitigating evidence constitutes a complete abdication of trial counsel's obligation and that there can be no reasonable basis to adopt such a position. But Appellant did not file a motion for new trial and call his trial counsel as a witness to explain his reasoning. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). When the record fails to show why counsel did not present any evidence at the trial on punishment, we cannot conclude that counsel's performance was deficient. *See Jackson*, 877 S.W.2d at 771-72.

Appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of professional assistance. *See Strickland*, 466 U.S. at 689-90, 104 S. Ct. at 2065.

Accordingly, we overrule Appellant's sole issue.

**DISPOSITION**

We *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered February 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)