NO.
12-09-00217-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JOSHUA
DELANEY,                                        '                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Joshua
Delaney appeals his conviction for aggravated robbery, for which he was
sentenced to imprisonment for life.  In his sole issue, Appellant contends that
he received ineffective assistance of counsel during his trial on punishment. 
We affirm.

 

Background

Appellant
pleaded guilty to the offense of aggravated robbery.  He was placed on deferred
adjudication community supervision.  In 2004, the trial court revoked
Appellant’s community supervision, found him guilty of aggravated robbery, and
sentenced him to life imprisonment.  We reversed that sentence on appeal and
remanded the case for another punishment hearing.  See Delaney v. State,
No. 12-07-00035-CR, 2008 WL 2571715 (Tex. App.–Tyler June 30, 2008, no pet.). 
After remand, the trial court sentenced Appellant to life imprisonment.  This
appeal followed.

 

 

Ineffective
Assistance of Counsel

In
his sole issue, Appellant contends that he received ineffective assistance of
counsel at his trial on punishment.  Specifically, Appellant argues that his
trial counsel was ineffective because he failed to present mitigating evidence.

Standard
of Review and Applicable Law

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To satisfy this step, the appellant must
identify the acts or omissions of counsel alleged to be ineffective assistance
and affirmatively prove that they fell below the professional norm of
reasonableness.  See McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996).  The reviewing court will not find ineffectiveness by
isolating any portion of trial counsel's representation, but will judge the
claim based on the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, the appellant must prove that but for counsel’s deficient
performance, the result of the proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel’s actions and decisions were reasonably professional and were motivated
by sound trial strategy.  See id.  The appellant has the burden
of rebutting this presumption by presenting evidence illustrating why his trial
counsel did what he did.  See id.  The appellant cannot meet this
burden if the record does not affirmatively support the claim.  See Jackson
v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record
on direct appeal to evaluate whether trial counsel provided ineffective
assistance).  A record that specifically focuses on the conduct of trial
counsel is necessary for a proper evaluation of an ineffectiveness claim.  See
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.]
1994, pet. ref'd).

Discussion

In
the case at hand, Appellant’s trial counsel offered no evidence during the
trial on punishment.  After closing arguments, Appellant relayed to the trial
court that he told his trial counsel about sources of potentially mitigating
evidence prior to the trial, including that he was working on his associate’s
degree in biblical studies, he received his pastoral attainment, he had a
history of homelessness, his probation officer was aware of his attempts to
obtain employment, and that he had employment that was set to begin the day
after his arrest.  He argues that at least three types of potential witnesses
could have been called: professors in his associate’s degree program, his
church instructors, and his probation officer. 

Yet,
Appellant's factual assertions concerning such mitigating evidence and the
uncalled witnesses that would testify thereto are not supported by the record.  See
Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding
that to obtain relief on ineffective assistance of counsel claim based on
uncalled witness, accused must show witness had been available to testify and testimony
would have been of some benefit to defense).  Appellant made no showing that
these witnesses were in fact available and that Appellant would have benefitted
from their testimony.

Appellant
nevertheless argues that the failure to present any mitigating evidence
constitutes a complete abdication of trial counsel’s obligation and that there
can be no reasonable basis to adopt such a position.  But Appellant did not
file a motion for new trial and call his trial counsel as a witness to explain
his reasoning.  See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002) (stating that defense counsel should be given opportunity to explain
actions before being condemned as unprofessional and incompetent); see also Anderson
v. State, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet.
ref’d) (holding that because appellant did not call his trial counsel during motion
for new trial hearing to give reasons for failure to investigate or present
mitigating evidence, record does not support ineffective assistance claim).  When
the record fails to show why counsel did not present any evidence at the trial
on punishment, we cannot conclude that counsel’s performance was deficient.  See
Jackson, 877 S.W.2d at 771-72.

Appellant
has not overcome the strong presumption that counsel’s conduct fell within the
wide range of professional assistance.  See Strickland, 466 U.S.
at 689-90, 104 S. Ct. at 2065.  Accordingly, we overrule Appellant’s sole
issue.

 

 

Disposition

            We
affirm the judgment of the trial court. 

 

 

                                                                                    Brian Hoyle

                                                                       
Justice

 

 

Opinion delivered February 17,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)