NUMBER 13-08-00455-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID FLORES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant David Flores appeals his conviction by a jury for aggravated assault with
a deadly weapon, enhanced by a prior felony conviction. See Tex. Penal Code Ann. §§
12.42(c)(1), 22.02(a)(2) (Vernon Supp. 2009). The trial court assessed punishment at
twenty years' confinement. By one issue, Flores complains that he was deprived of
reasonably effective assistance of counsel at trial. We affirm.

I. Background

 Flores was indicted for aggravated assault, as follows: 

 that [Flores] . . . on or about December 1, 2007, in Nueces County, Texas,
did then and there intentionally, knowingly or recklessly cause bodily injury
to Chad Carriker by stabbing Chad Carriker with a knife, and did then and
there use or exhibit a deadly weapon, to-wit: a knife, during the commission
of said assault . . . .


See id. § 22.02(a)(2). Prior to trial, the State filed its notice to enhance Flores's
punishment under section 12.42 of the penal code for a prior felony theft conviction. See
id. § 12.42(c)(1). Flores pleaded not guilty, the case proceeded to trial, and the jury
returned a guilty verdict. Flores elected to be sentenced by the trial court, which assessed
punishment at twenty years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice. This appeal ensued.

II. Standard of Review and Applicable Law

 To establish a claim for ineffective assistance of counsel, appellant must show: (1)
his attorney's representation fell below an objective standard of reasonableness; and (2)
there was a reasonable probability that, but for his attorney's errors, the result of the
proceeding would have been different. Strickland v. Washington, 466 U.S. 664, 668
(1984); Mallett v. State, 65 S.W.3d 59, 62 (Tex. Crim. App. 2001). The probability of a
different result must be "sufficient to undermine confidence in the outcome," and a lawyer's
deficient performance must undermine the "proper functioning of the adversarial process"
such that the result of the trial cannot be reliable. Mallett, 65 S.W.3d at 62; Thompson v.
State, 9 S.W.3d 808, 812-813 (Tex. Crim. App. 1999). 

 Whether the Strickland test has been met is to be judged on appeal by the totality
of the circumstances, not by any isolated acts or omissions. Jaynes v. State, 216 S.W.3d
839, 851 (Tex. App.-Corpus Christi 2006, no pet.). Our review of counsel's representation
is deferential, and we presume that counsel gave his client professional assistance. 
Mallett, 65 S.W.3d at 62 (citing Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000));
Jaynes, 216 S.W.3d at 851. The appellant bears the burden of proof to show by a
preponderance of evidence that his counsel's performance was below that which is
objectively reasonable. Thompson, 9 S.W.3d at 813. To prove that counsel's performance
fell below the reasonableness standard, "the record must contain evidence of counsel's
reasoning, or lack thereof." Moreno v. State, 1 S.W.3d 846, 865 (Tex. App.-Corpus Christi
1999, pet. ref'd). Generally, the trial record will not be sufficient to establish an ineffective
assistance of counsel claim. Thompson, 9 S.W.3d at 813-14; Kemp v. State, 892 S.W.2d
112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). This is true because, normally,
a record is silent with regard to counsel's decision-making processes, and therefore,
appellant often cannot rebut the presumption that counsel's performance was the result
of sound or reasonable trial strategy. Strickland, 466 U.S. at 688; Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991); see Jaynes, 216 S.W.3d at 855.

III. Discussion

 By his sole issue on appeal, Flores complains that his trial counsel's assistance was
ineffective because counsel elicited testimony from Flores at trial that he had no
convictions subsequent to the felony theft conviction being used for enhancement
purposes by the State. Flores argues that this testimony opened the door to the State's
cross-examination regarding two misdemeanor assault convictions from 2003 and 2004,
which were evidence of violent propensity. Flores contends that this action proves that his
trial counsel did not have an understanding of the applicable law and facts.

 However, because Flores did not file a motion for new trial on ineffective assistance
grounds (1) and did not elicit any testimony regarding trial counsel's reasons for taking the
complained-of actions, there is no evidence in the record that the actions of Flores's trial
counsel were not the result of sound and reasonable trial strategy. See Jaynes, 216
S.W.3d at 855. Without this specific evidence of trial counsel's decision-making process
and strategy, we cannot conclude that Flores has overcome the strong presumption that
his trial counsel provided professional, objectively reasonable assistance. See Mallett, 65
S.W.3d at 62; Thompson, 9 S.W.3d at 813. Because Flores did not establish that his trial
counsel's performance fell below an objectively reasonable standard, he has not met the
first prong of Strickland. See Jaynes, 216 S.W.3d at 855 (citing Mallett, 65 S.W.3d at 67). 
Flores's issue is overruled. 

IV. Conclusion

 The judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the 25th 

day of February, 2010.
1. Flores filed a motion for new trial, but the only ground advanced in the motion was the conclusory
allegation that the "judgment is contrary to the law and evidence."