

# NUMBER 13-08-00455-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID FLORES,          Appellant,

v.

THE STATE OF TEXAS,          Appellee.

### On appeal from the 319th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant David Flores appeals his conviction by a jury for aggravated assault with a deadly weapon, enhanced by a prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(c)(1), 22.02(a)(2) (Vernon Supp. 2009). The trial court assessed punishment at

twenty years' confinement. By one issue, Flores complains that he was deprived of reasonably effective assistance of counsel at trial. We affirm.

## I. BACKGROUND

Flores was indicted for aggravated assault, as follows:

> that [Flores] . . . on or about December 1, 2007, in Nueces County, Texas, did then and there intentionally, knowingly or recklessly cause bodily injury to Chad Carriker by stabbing Chad Carriker with a knife, and did then and there use or exhibit a deadly weapon, to-wit: a knife, during the commission of said assault . . . .

*See id.* § 22.02(a)(2). Prior to trial, the State filed its notice to enhance Flores's punishment under section 12.42 of the penal code for a prior felony theft conviction. *See id.* § 12.42(c)(1). Flores pleaded not guilty, the case proceeded to trial, and the jury returned a guilty verdict. Flores elected to be sentenced by the trial court, which assessed punishment at twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

To establish a claim for ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there was a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 664, 668 (1984); *Mallett v. State*, 65 S.W.3d 59, 62 (Tex. Crim. App. 2001). The probability of a different result must be "sufficient to undermine confidence in the outcome," and a lawyer's deficient performance must undermine the "proper functioning of the adversarial process" such that the result of the trial cannot be reliable. *Mallett*, 65 S.W.3d at 62; *Thompson v. State*, 9 S.W.3d 808, 812-813 (Tex. Crim. App. 1999).

2

Whether the *Strickland* test has been met is to be judged on appeal by the totality of the circumstances, not by any isolated acts or omissions. *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Our review of counsel's representation is deferential, and we presume that counsel gave his client professional assistance. *Mallett*, 65 S.W.3d at 62 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)); *Jaynes*, 216 S.W.3d at 851. The appellant bears the burden of proof to show by a preponderance of evidence that his counsel's performance was below that which is objectively reasonable. *Thompson*, 9 S.W.3d at 813. To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof." *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.–Corpus Christi 1999, pet. ref'd). Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813-14; *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). This is true because, normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see Jaynes*, 216 S.W.3d at 855.

### III. DISCUSSION

By his sole issue on appeal, Flores complains that his trial counsel's assistance was ineffective because counsel elicited testimony from Flores at trial that he had no convictions subsequent to the felony theft conviction being used for enhancement purposes by the State. Flores argues that this testimony opened the door to the State's cross-examination regarding two misdemeanor assault convictions from 2003 and 2004,

3

which were evidence of violent propensity. Flores contends that this action proves that his trial counsel did not have an understanding of the applicable law and facts.

However, because Flores did not file a motion for new trial on ineffective assistance grounds[1] and did not elicit any testimony regarding trial counsel's reasons for taking the complained-of actions, there is no evidence in the record that the actions of Flores's trial counsel were not the result of sound and reasonable trial strategy. *See Jaynes*, 216 S.W.3d at 855. Without this specific evidence of trial counsel's decision-making process and strategy, we cannot conclude that Flores has overcome the strong presumption that his trial counsel provided professional, objectively reasonable assistance. *See Mallett*, 65 S.W.3d at 62; *Thompson*, 9 S.W.3d at 813. Because Flores did not establish that his trial counsel's performance fell below an objectively reasonable standard, he has not met the first prong of *Strickland*. *See Jaynes*, 216 S.W.3d at 855 (citing *Mallett*, 65 S.W.3d at 67). Flores's issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 25th
day of February, 2010.

---

[1]Flores filed a motion for new trial, but the only ground advanced in the motion was the conclusory allegation that the "judgment is contrary to the law and evidence."

4