NO.
12-10-00035-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ANTONIO LATERRON JENKINS,                §          
APPEAL FROM THE 217TH

APPELLANT

 

V.                                            
§         JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                  
§        ANGELINA COUNTY, TEXAS

                                                        
                                            

                                                      MEMORANDUM
OPINION

     Antonio
Laterron Jenkins appeals his conviction for aggravated robbery, for which he
was sentenced to imprisonment for fifty years. Appellant raises four issues regarding
sufficiency of the evidence, ineffective assistance of counsel, and improper
prosecutorial argument.  We affirm.

 

Background

            According
to Corey Allen, he was riding his bicycle home from a convenience store when he
was approached by a stranger whom he later identified as Appellant.  Appellant asked
for a cigarette.  Allen complied with Appellant’s request, but then Appellant
brandished a knife and said, “Give me your wallet or I’m going to stab you.” 
Allen refused to give Appellant his wallet.  Appellant then grabbed Allen’s
bicycle, but Allen shoved Appellant’s hand off his bike and rode home.  Allen
told his father about the incident, and then Allen and his father told Officer
Steve Dickens, an officer with the Lufkin Police Department.  However, Allen
did not know Appellant’s name or where he could be found.  As a result, the
police investigated the incident, but could not find Appellant.

Several
days later, Allen saw Appellant at a convenience store.  Believing that
Appellant was the person who tried to rob him, Allen contacted the police.  The
Lufkin police arrived, and Allen identified Appellant as the person who tried
to rob him.  When Appellant saw the Lufkin police, he ran away, but was
apprehended.  When he was arrested, Appellant had a knife.

Appellant
then gave the police his version of his interaction with Allen.  Appellant
claimed that Allen was a user of crack cocaine and that Allen gave Appellant
$100.00 and asked him to buy crack cocaine.  Appellant complied and then used
his knife to cut the cocaine in half.  Appellant asserted that Allen was
unhappy with his portion of the cocaine and requested a refund of his money. 
Appellant said he refused to provide Allen a refund and then he left.  The
police believed Allen’s version over Appellant’s.

Appellant
was charged with aggravated robbery, and the case proceeded to trial.  The jury
returned a guilty verdict and assessed punishment at imprisonment for fifty
years.  The trial court sentenced Appellant in accordance with the jury’s
verdict.  This appeal followed.

 

Sufficiency of the Evidence

In his third and fourth issues, Appellant contends that the
evidence is legally and factually insufficient to support his conviction.  Specifically,
Appellant argues that the testimony is legally insufficient to establish that
Appellant knowingly threatened or placed Allen in fear of imminent bodily
injury.  Further, Appellant argues that his version of events should have been
believed over Allen’s and thus the evidence is factually insufficient as well.

Standard of Review

            The due process guarantee of the
Fourteenth Amendment requires that a conviction be supported by legally
sufficient evidence.  See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  Prior to 2010, Texas appellate
courts reviewed both the legal and factual sufficiency of the evidence to
support a verdict in a criminal case.  In October 2010, the court of criminal
appeals held that there is “no meaningful distinction” between the legal
sufficiency standard and the factual sufficiency standard and overruled the
line of cases requiring factual sufficiency review.  Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  The court held that the Jackson
v. Virginia legal sufficiency standard is the only standard that a
reviewing court should apply in determining whether the evidence is sufficient
to support each element of a criminal offense that the state is required to
prove beyond a reasonable doubt.  Id. Accordingly, we will
consider Appellant’s arguments that the evidence is legally and factually
insufficient together under the Jackson v. Virginia standard of
review. 

Evidence is legally sufficient
if, when viewing the evidence in a light most favorable to the verdict, we
conclude that any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; see also Westbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000).  The fact finder is the judge of the
weight and credibility of a witness’s testimony.  Wesbrook, 29
S.W.3d at 111.  It is the exclusive province of the jury to reconcile conflicts
in the evidence.  Id.  The jury may choose to believe all, some,
or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).    

Applicable Law

            As
relevant here, the State was required to prove that while in the course of
committing theft, Appellant, with intent to obtain or maintain control of the
property, intentionally or knowingly threatened or placed Allen in fear of
imminent bodily injury or death and used or exhibited a deadly weapon.  See
Tex. Penal Code Ann. §§ 29.01-.03
(Vernon 2011).

A
deadly weapon is a firearm or anything manifestly designed, made, or adapted
for the purpose of inflicting death or serious bodily injury or anything that
in the manner of its use or intended use is capable of causing death or serious
bodily injury.  Tex. Penal Code Ann. § 1.07(a)(17)(A),
(B) (Vernon 2011).  “Serious bodily injury” means bodily injury that creates a
substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.  Tex. Penal Code Ann. § 1.07(a)(46)
(Vernon 2011).  “Bodily injury” means physical pain, illness, or impairment of
physical condition.  Tex. Penal Code
Ann. § 1.07(a)(8) (Vernon 2011).  

A
knife does not qualify as a deadly weapon per se under subsection (17)(A).  McCain
v. State, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000).  Therefore, in
the case at hand, the State had the burden to prove that Appellant (1) used or
exhibited a knife (2) that in the manner of its use or intended use was capable
of causing death or serious bodily injury.  See Tex. Penal Code Ann. §§ 1.07(a)(17)(B), 29.02(a)(2).  Whether
a particular knife is a deadly weapon depends upon the evidence presented.  See
Thomas v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991).

Factors
to consider in determining that a particular knife is a deadly weapon include (1)
the physical proximity between the alleged victim and the object; (2) any
threats or words used by the accused; (3) the size, shape, and sharpness of the
knife; (4) the potential of the object to inflict death or serious bodily
injury; and (5) the manner in which the accused allegedly used the object.  Brown
v. State, 716 S.W.2d 939, 946-47 (Tex. Crim. App. 1986).

Analysis

Based on our review of the
record, we conclude that the jury could have determined beyond a reasonable
doubt that Appellant committed the offense of aggravated robbery.  Allen
testified that Appellant brandished a knife and demanded money.  Appellant’s
demand included a threat that he would stab Allen if his demand was refused. 
Then, when Allen refused to give Appellant money, Appellant grabbed Allen’s
bicycle.  Allen had to knock Appellant’s hand off his bike, and then Allen
quickly rode home.  Allen stated that he was scared by Appellant’s actions.

Officer Randall Brooks arrested
Appellant after Allen spotted Appellant at a convenience store.  When Brooks
attempted to make contact with Appellant, Appellant tried to flee.  Brooks was
able to apprehend Appellant, and while detaining him, Brooks found that
Appellant had a knife.  Allen was shown the knife taken from Appellant, and Allen
said the knife looked similar to the knife that Appellant used when he demanded
Allen’s money and grabbed Allen’s bike.  Allen described the knife to Officer Dickens
the morning of the incident as a lock blade style knife approximately three
inches closed.  The knife Brooks recovered from Appellant was a lock blade
style knife, easy to open, with a serrated blade.  This knife was admitted into
evidence.  Brooks testified that the knife could cause serious bodily injury or
death and was a deadly weapon.  Thus, the State presented evidence that
Appellant was very close to Allen, even grabbing Allen’s bike at one point,
Appellant threatened Allen with a knife, the knife was approximately three
inches long with a serrated blade, and it could cause serious bodily injury or
death.  

            Appellant
presented his version of his encounter with Allen.  According to Appellant, he
was helping Allen obtain crack cocaine, and Allen became unhappy when he saw
the amount of crack cocaine that he received for $100.00.  After being refused
a refund, Allen rode away saying that he was going to tell the police that
Appellant robbed him.  Appellant’s story was completely contradicted by Allen’s
testimony, and the jury was free to resolve the conflict in the evidence
against Appellant.  Wesbrook, 29 S.W.3d at 111.  Appellant
further presented evidence that Allen was acting strangely on the day that Officer
Brooks arrested Appellant.  Brooks asked Allen if he had been drinking. 
However, Brooks explained that he believed Allen’s issues were related to
cognitive difficulties rather than being impaired by alcohol.

Viewing the evidence in the light
most favorable to the jury’s verdict, we conclude that the jury could have
found the essential elements of the offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  We overrule Appellant’s third and fourth
issues.

 

Improper
Prosecutorial Argument

            In
his first issue, Appellant argues that the prosecuting attorney made improper
jury argument by expressing a personal opinion outside the evidence and
discussing the jury’s ability to punish Appellant before Appellant had been
found guilty.  Specifically, Appellant contends that the prosecuting attorney
made the following improper statements during her closing argument to the
court: 

 

Now,
one of the things about this kind of a case is that Mr. Jenkins, if you find
that there was enough evidence beyond a reasonable doubt to find him guilty, is
that the same 12 of you can decide what his punishment is.  And, you know, I
think that’s kind of something that’s a nice thing that if you find somebody
guilty then you’ve got control over what happens to him.  And you can be
merciful, you can be not merciful.  You can decide what the appropriate
punishment might be.  And there would be some additional evidence.  We’d have a
second phase if you find him guilty.  But it’s not like you just find him
guilty and say, hey, you know, what’s going to happen to Mr. Jenkins.  You can
decide that.

And
whatever you decide is fine with me.  You know, it’s fine with me, and I think
it would be fine with Corey Allen.  But we’re just asking you to think about
the other people that live in that neighborhood.  Not everybody that lives in
that neighborhood is [sic] crackheads.  I don’t live too far from there.  There
is [sic] people that live in historic homes over there on Grove and Mantooth. 
Some of the most beautiful historic houses in Lufkin are in that area.

 

 

The
State asserts that Appellant failed to preserve error because he did not object
to the allegedly improper statement.  Appellant concedes that he did not object
to the statement at trial.  The failure to object to impermissible jury
argument waives any error.  Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996) (holding that defendant’s failure to object to jury
argument forfeits his right to complain on appeal).  Accordingly, Appellant has
waived his complaint that the prosecutor engaged in improper jury argument.  We
overrule Appellant’s first issue.

 

Ineffective
Assistance of Counsel

In
his second issue, Appellant contends that he received ineffective assistance of
counsel at his trial on punishment.  Specifically, Appellant argues that his
trial counsel was ineffective for his failure to call any witnesses, including
Appellant, and for presenting a deficient argument.

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel=s representation fell below an
objective standard of reasonableness under prevailing professional norms.  See
id., 466 U.S. at 688, 104 S. Ct. at 2065.  To
satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell
below the professional norm of reasonableness.  See id.,
466 U.S. at 693, 104 S. Ct. at 2067-68.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, an appellant must prove that but for counsel=s deficient performance, the result of the
proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See id. 
Appellant has the burden of rebutting this presumption by presenting evidence
illustrating why his trial counsel did what he did.  See id. 
Appellant cannot meet this burden if the record does not affirmatively support
the claim.  See Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim.
App. 1998).  Before being condemned as unprofessional and incompetent, defense
counsel should be given an opportunity to explain his or her actions.  See Bone
v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  Thus, absent a
properly developed record, an ineffective assistance claim must usually be
denied as speculative, and, further, such a claim cannot be built upon
retrospective speculation.  Id. at 835.  A record that
specifically focuses on the conduct of trial counsel is necessary for a proper
evaluation of an ineffectiveness claim.  See Kemp v. State, 892
S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref=d). Normally, a silent record cannot defeat the
strong presumption of effective assistance of counsel.  See Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

Here,
Appellant contends that his attorney=s performance at trial fell below
the professional norm because he failed to call witnesses during the punishment
phase of the trial and failed to make a longer closing argument.  Appellant does not identify any additional
witnesses, other than himself, who should have testified.  Nor does he offer
the testimony that trial counsel could have elicited or otherwise show what
kind of evidence could have been offered at the punishment trial.  Similarly, Appellant does not
disclose the additional argument that he contends should have been presented to
the jury.  In
addition, Appellant did not file a motion for new trial.  Accordingly, trial
counsel has not had an opportunity to explain the reasons for his decisions at
the punishment hearing. Thus,
the record before us is silent about trial counsel’s strategy or why he did not
call witnesses or make a longer argument.


We
cannot conclude that counsel was ineffective for failing to present evidence
without a showing that such evidence exists or that it would have aided
Appellant.  See Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim.
App. 2004) (holding that to obtain relief on ineffective assistance of counsel
claim based on uncalled witness, accused must show witness had been available
to testify and testimony would have been of some benefit to defense).  Similarly,
the record does not contain evidence to explain any of the strategic decisions
counsel may have made.  The complaints presented here are about strategy,
specifically which witnesses to call and how to argue the case at closing. 
Without some explanation of the strategic decisions made by counsel, Appellant
cannot rebut the presumption of competent counsel, and we cannot conclude that
counsel’s assistance fell below prevailing norms.  See Bone, 77
S.W.3d at 836; Jackson, 877 S.W.2d at 771-72; see also Anderson
v. State, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet.
ref’d) (record did not support ineffective assistance claim where no evidence
was offered to explain counsel’s reasons for failing to investigate or to present
mitigating evidence).  Therefore,
we hold that Appellant has not met the first prong of Strickland
because the record does not contain evidence concerning Appellant=s trial counsel=s reasons for choosing the course
he did.  See Strickland, 466 U.S. at 688, 104 S. Ct. at 2065.  As
a result, Appellant cannot overcome the strong presumption that his counsel
performed effectively.  See Jackson, 877 S.W.2d at 771.  We
overrule Appellant=s second issue.

 

Disposition

            Having
overruled Appellant’s first, second, third, and fourth issues, we affirm
the trial court’s judgment.

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

 

Opinion
delivered June 30, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)