

## NUMBER 13-11-00301-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

TIMOTHY MENDOZA A/K/A "TIMO",                     Appellant,

v.

THE STATE OF TEXAS,                     Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Timothy Mendoza a/k/a "Timo" challenges his convictions for murder and engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 19.02(b) (West 2011), § 71.02(a)(1) (West Supp. 2011). By two issues, Mendoza argues that: (1) the trial court erred in denying his motion for mistrial; and (2) he received ineffective assistance of counsel at trial. We affirm.

## I.  Background

Mendoza was indicted for murder and engaging in organized criminal activity in connection with his alleged participation in the stabbing death of John Gilbert Licon in January 2006.   Mendoza pleaded not guilty to both counts, and his case was tried to a jury.   The State introduced the testimony of fourteen witnesses at trial; Mendoza presented no witnesses.   During the guilt-innocence phase of the trial, the State also played a tape recording of Mendoza's statement to the police.   Although the State made assurances to Mendoza's counsel that discussions of Mendoza's prior convictions and prison time had been redacted from the taped statement, the audio played to the jury included conversation between Mendoza and the police about his prior incarcerations.  After the close of evidence and arguments by counsel, the jury returned a guilty verdict as to both counts.

A day after the jury returned its verdict but before the hearing on punishment commenced, Mendoza filed a motion for mistrial and a motion for new trial, arguing that the improperly redacted tape that contained references to Mendoza's time in prison prejudiced the jury.   The trial court denied both motions.   The trial court then held a hearing on punishment and assessed Mendoza's sentences at life imprisonment for both counts, with the sentences ordered to run concurrently.   This appeal followed.

## II.  Motion for Mistrial

By his first issue, Mendoza argues that the trial court erred in denying his motion for mistrial because the State's failure to redact the portions of Mendoza's taped statement regarding his prison time incurably prejudiced the jury.   In general, we review a trial court's ruling on a motion for mistrial for abuse of discretion.   *Wead v. State*, 129

2

S.W.3d 126, 129 (Tex. Crim. App. 2004) (citations omitted). But to preserve error, the motion for mistrial must be timely and specific. *See Griggs v. State*, 213 S.W.3d 923, (Tex. Crim. App. 2007) (citing *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)); *see also* TEX. R. APP. P. 33.1(a). "A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent." *Griggs*, 213 S.W.3d at 927 (citations omitted); *see Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994) (citation omitted). Here, Mendoza failed to object and move for a mistrial when the grounds for the motion became apparent, i.e., at the time the State played the unredacted audio tape of Mendoza's statement to police. Mendoza's motion for mistrial, filed a full day after the jury returned its guilty verdict, was too late to preserve any error in the trial court's admission of the tape. Mendoza's first issue is overruled.

### III. Ineffective Assistance of Counsel

By his second issue, Mendoza argues that he received ineffective assistance of counsel that prejudiced his case because his trial counsel failed to adequately investigate the case and "create any reasonable trial strategy" and, as a result, the State's evidence appeared to the jury to be "overwhelming."

To establish ineffective assistance of counsel, Mendoza must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Mendoza rebuts the strong presumption that his counsel's conduct fell

3

within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Mendoza must prove ineffective assistance of counsel by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof." *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd).

Usually, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813–14; *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). This is true because, normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see Jaynes*, 216 S.W.3d at 855. In the case of such a silent record, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Here, the details of trial counsel's investigation and other preparation for trial, or alleged lack thereof, are not apparent from the trial record. The trial record in this case is undeveloped as to the alleged failings of Mendoza's trial counsel and does not contain sufficient information to permit us to fairly evaluate the merits of Mendoza's ineffective assistance allegations on appeal. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Neither can we

4

conclude from the record before us that trial counsel's actions were so outrageous that no competent attorney would have engaged in them. *See Roberts*, 220 S.W.3d at 533.

Without evidence in the record of trial counsel's decision-making process and strategy, we cannot conclude that Mendoza has overcome the strong presumption that his trial counsel provided professional, objectively reasonable assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Because Mendoza did not establish that his trial counsel's performance fell below an objectively reasonable standard, he has not met the first prong of *Strickland*. *See Jaynes*, 216 S.W.3d at 855. His second issue is overruled.

## IV. Conclusion

We affirm the judgments of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of June, 2012.