# NO. 12-09-00250-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM MICHAEL WORRY* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William Michael Worry appeals his conviction for aggravated assault with a deadly weapon, for which he was sentenced to imprisonment for six years. In two issues, Appellant contends that he received ineffective assistance of counsel during his trial on punishment and that he is entitled to a new trial because the presentence investigation report is missing from the record. We affirm.

## BACKGROUND

Appellant pleaded guilty to the offense of aggravated assault with a deadly weapon. Appellant was charged with that offense after he cut his girlfriend's arm with a knife following an evening of drinking alcoholic beverages and argument between the two.

The trial court held a hearing to determine Appellant's punishment. At the hearing, the trial court considered a presentence investigation report and heard the testimony of Ricky Worry, Appellant's brother. Ricky contended that Appellant was a "good person" who needed counseling to combat drinking and anger management issues. At the conclusion of the hearing, the trial court sentenced Appellant to imprisonment for six years. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective because he presented only limited evidence of Appellant's work and social history and did not object to the State's questioning of Ricky.

**Standard of Review and Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695–96, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, the appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id*. The appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id*. The appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998) (record must show that counsel was ineffective). A record that specifically focuses on the conduct of trial counsel is often necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

## Analysis–Failure to Present Evidence

Appellant asserts that his trial counsel's performance fell below professional norms because he chose not to present detailed evidence explaining or showing Appellant's work and social history. He also complains that counsel did not call the probation officer who prepared the presentence investigation report as a witness.

Appellant does not identify any additional witnesses, other than the probation officer, that should have testified. Nor does he offer the testimony that trial counsel could have elicited or otherwise show what kind of evidence could have been offered at the punishment trial. In addition, Appellant did not file a motion for new trial. Thus, trial counsel has not had an opportunity to explain the reasons for his decisions at the punishment hearing.

We cannot conclude that counsel was ineffective for failing to present evidence without a showing that such evidence exists or that it would have aided Appellant. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding that to obtain relief on ineffective assistance of counsel claim based on uncalled witness, accused must show witness had been available to testify and testimony would have been of some benefit to defense). Similarly, the record does not contain evidence to explain any of the strategic decisions counsel may have made. The issue presented here is one of strategy, specifically which witnesses to call. Without some explanation of the strategic decisions made by counsel, Appellant cannot rebut the presumption of competent counsel, and we cannot conclude that counsel's assistance fell below prevailing norms. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *Jackson*, 877 S.W.2d at 771–72; *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (record did not support ineffective assistance claim where no evidence was offered to explain counsel's reasons for failing to investigate or to present mitigating evidence).

Accordingly, because there is no evidence in the record to show counsel's strategy or to show what evidence he could have offered but did not, we hold that Appellant has not shown that counsel was ineffective.

## Analysis–Failure to Object

3

Appellant also argues that he received ineffective assistance of counsel because his attorney failed to object to certain questions posed by the State during its cross examination of Ricky Worry. After Ricky testified on direct that Appellant was a good person, the State asked Ricky several "have you heard" questions related to whether it would surprise him that Appellant had problems involving violence with two of his previous wives. Appellant argues that these questions violate the rule against hearsay and call for speculation. We disagree.

If a defendant brings his character into issue by introducing character or reputation evidence, the state may offer rebuttal character evidence. TEX. R. EVID. 405. "Have you heard" questions about specific instances of the character trait asserted by the defendant may be used. *Harrison v. State*, 241 S.W.3d 23, 27 (Tex. Crim. App. 2007) (State allowed to ask "have you heard" questions to rebut witness's testimony that appellant was a "good" and "sweet" boy). "The purpose of permitting this cross-examination is not to discredit the person whose character is in issue, but rather to discredit the testimony of the character witness." *Id.* at 25. Thus, the State's questions were proper.

Accordingly, we hold that counsel was not ineffective for failing to raise objections that the trial court would have properly overruled. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (failure to object is not ineffective assistance without a showing that trial court would have erred in overruling objection).

Finally, Appellant argues that counsel was ineffective because he failed to object to an answer Ricky gave that was nonresponsive to the question asked. The relevant questions and answers are as follows:

> Q: All right, before he was involved with the lady who's the subject of these proceedings—and I think her name is Kayla May—he was, I guess, married a couple of times, once to Melinda Worry. Is that correct?
>
> A: Yes, sir.
>
> Q: Did you know her?
>
> A: I knew his first wife Sherri, then they had problems, and I'm sure that was from drinking too.

Ricky was Appellant's star witness. The nonresponsive answer put into the record was that Appellant had problems with another previous wife and that the conflicts were probably

4

related to drinking. This was consistent with Appellant's theory for a lesser punishment; specifically, that he had issues with alcohol and anger that needed to be treated through counseling rather than through a prison sentence. Furthermore, the State's next question elicited the same information directly. The State asked, "Was there violence involved in that relationship?" Ricky said, "I'm sure - - I'm sure there had to have been some." Therefore, even if we assume that counsel could have had the nonresponsive answer stricken, it is reasonable to conclude that the State would have followed up with a direct question on that issue.

Accordingly, because allowing the nonresponsive answer was consistent with Appellant's counsel's strategy and because the State could have elicited the same information by asking a direct question, we cannot conclude that failing to object to Ricky's nonresponsive answer fell below professional norms. *See Jackson v. State*, 877 S.W.2d at 771 (court declined to speculate about counsel's strategic decisions in absence of evidence in record on that subject).

## Conclusion

Appellant has not shown what evidence counsel should have presented or created a sufficient record to evaluate counsel's strategic decisions not to present whatever evidence may have been available. Appellant has also not shown that there was a valid objection that counsel failed to make or that he should have objected to a nonresponsive answer. Based upon our review of the record, we hold that Appellant has not met his burden to show that trial counsel rendered representation that fell below professional norms or that his representation was deficient. *See Strickland*, 466 U.S. at 689–90, 104 S. Ct. at 2065–66. Accordingly, we overrule Appellant's first issue.

### MISSING PRESENTENCE INVESTIGATION REPORT

In his second issue, Appellant argues that he is entitled to a new trial because the presentence investigation report is missing from the record. *See* TEX. R. APP. P. 34.6(f). The clerk's record has now been supplemented to include the presentence investigation report. Accordingly, we overrule Appellant's second issue as moot.

### DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial

court.

**BRIAN HOYLE**
Justice

Opinion delivered May 5, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)