MARY'S OPINION HEADING 








NO. 12-09-00250-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

WILLIAM MICHAEL
WORRY                               §          APPEAL FROM THE 159TH

 

V.                                                                                §          JUDICIAL
DISTRICT COURT

 

THE STATE OF
TEXAS                                         §          ANGELINA COUNTY, TEXAS

                                                    
                                                                                                           

MEMORANDUM
OPINION

      William
Michael Worry appeals his conviction for aggravated assault with a deadly
weapon, for which he was sentenced to imprisonment for six years.  In two
issues, Appellant contends that he received ineffective assistance of counsel
during his trial on punishment and that he is entitled to a new trial because
the presentence investigation report is missing from the record.  We affirm.

 

Background

Appellant
pleaded guilty to the offense of aggravated assault with a deadly weapon.  Appellant
was charged with that offense after he cut his girlfriend’s arm with a knife
following an evening of drinking alcoholic beverages and argument between the
two.  

The
trial court held a hearing to determine Appellant’s punishment.  At the
hearing, the trial court considered a presentence investigation report and
heard the testimony of Ricky Worry, Appellant’s brother.  Ricky contended that
Appellant was a “good person” who needed counseling to combat drinking and
anger management issues.  At the conclusion of the hearing, the trial court
sentenced Appellant to imprisonment for six years.  This appeal followed. 

 

Ineffective Assistance of Counsel

In
his first issue, Appellant contends that he received ineffective assistance of
counsel at his trial on punishment.  Specifically, Appellant argues that his
trial counsel was ineffective because he presented only limited evidence of
Appellant’s work and social history and did not object to the State’s
questioning of Ricky.

Standard
of Review and Applicable Law

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To satisfy this step, the appellant must
identify the acts or omissions of counsel alleged to be ineffective assistance
and affirmatively prove that they fell below the professional norm of
reasonableness.  See McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996).  The reviewing court will not find ineffectiveness by
isolating any portion of trial counsel’s representation, but will judge the
claim based on the totality of the representation.  See Strickland,
466 U.S. at 695–96, 104 S. Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, the appellant must prove that but for counsel’s deficient
performance, the result of the proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel’s actions and decisions were reasonably professional and were motivated
by sound trial strategy.  See id.  The appellant has the burden
of rebutting this presumption by presenting evidence illustrating why his trial
counsel did what he did.  See id.  The appellant cannot meet this
burden if the record does not affirmatively support the claim.  See Jackson
v. State, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998) (record must
show that counsel was ineffective).  A record that specifically focuses on the
conduct of trial counsel is often necessary for a proper evaluation of an
ineffectiveness claim.  See Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.–Houston [1st Dist.] 1994, pet. ref’d).

 

Analysis–Failure
to Present Evidence

Appellant
asserts that his trial counsel’s performance fell below professional norms
because he chose not to present detailed evidence explaining or showing Appellant’s
work and social history.  He also complains that counsel did not call the
probation officer who prepared the presentence investigation report as a
witness.  

Appellant
does not identify any additional witnesses, other than the probation officer,
that should have testified.  Nor does he offer the testimony that trial counsel
could have elicited or otherwise show what kind of evidence could have been
offered at the punishment trial.  In addition, Appellant did not file a motion
for new trial.  Thus, trial counsel has not had an opportunity to explain the
reasons for his decisions at the punishment hearing.  

We
cannot conclude that counsel was ineffective for failing to present evidence
without a showing that such evidence exists or that it would have aided
Appellant.  See Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim.
App. 2004) (holding that to obtain relief on ineffective assistance of counsel
claim based on uncalled witness, accused must show witness had been available
to testify and testimony would have been of some benefit to defense).  Similarly,
the record does not contain evidence to explain any of the strategic decisions
counsel may have made.  The issue presented here is one of strategy,
specifically which witnesses to call.  Without some explanation of the
strategic decisions made by counsel, Appellant cannot rebut the presumption of competent
counsel, and we cannot conclude that counsel’s assistance fell below prevailing
norms.  See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App.
2002) (defense counsel should be given opportunity to explain actions before
being condemned as unprofessional and incompetent); Jackson, 877
S.W.2d at 771–72; see also Anderson v. State, 193 S.W.3d 34, 39
(Tex. App.–Houston [1st Dist.] 2006, pet. ref’d) (record did not support
ineffective assistance claim where no evidence was offered to explain counsel’s
reasons for failing to investigate or to present mitigating evidence).  

Accordingly,
because there is no evidence in the record to show counsel’s strategy or to
show what evidence he could have offered but did not, we hold that Appellant
has not shown that counsel was ineffective.  

Analysis–Failure
to Object

Appellant
also argues that he received ineffective assistance of counsel because his
attorney failed to object to certain questions posed by the State during its cross
examination of Ricky Worry.  After Ricky testified on direct that Appellant was
a good person, the State asked Ricky several “have you heard” questions related
to whether it would surprise him that Appellant had problems involving violence
with two of his previous wives.  Appellant argues that these questions violate
the rule against hearsay and call for speculation.  We disagree.

If
a defendant brings his character into issue by introducing character or
reputation evidence, the state may offer rebuttal character evidence.  Tex. R. Evid. 405.  “Have you heard”
questions about specific instances of the character trait asserted by the
defendant may be used.  Harrison v. State, 241 S.W.3d 23, 27
(Tex. Crim. App. 2007) (State allowed to ask “have you heard” questions to
rebut witness’s testimony that appellant was a “good” and “sweet” boy).  “The
purpose of permitting this cross-examination is not to discredit the person
whose character is in issue, but rather to discredit the testimony of the
character witness.”  Id. at 25.  Thus, the State’s questions were
proper.

Accordingly,
we hold that counsel was not ineffective for failing to raise objections that
the trial court would have properly overruled.  See Vaughn v. State,
931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (failure to object is not
ineffective assistance without a showing that trial court would have erred in
overruling objection). 

Finally,
Appellant argues that counsel was ineffective because he failed to object to an
answer Ricky gave that was nonresponsive to the question asked.  The relevant
questions and answers are as follows:

Q:  All right,
before he was involved with the lady who’s the subject of these proceedings—and
I think her name is Kayla May—he was, I guess, married a couple of times, once
to Melinda Worry.  Is that correct?

 

A:  Yes, sir.

 

Q:  Did you know
her?

 

A:  I knew his
first wife Sherri, then they had problems, and I’m sure that was from drinking
too.

 

Ricky
was Appellant’s star witness.  The nonresponsive answer put into the record was
that Appellant had problems with another previous wife and that the conflicts
were probably related to drinking.  This was consistent with Appellant’s theory
for a lesser punishment; specifically, that he had issues with alcohol and
anger that needed to be treated through counseling rather than through a prison
sentence.  Furthermore, the State’s next question elicited the same information
directly.  The State asked, “Was there violence involved in that
relationship?”  Ricky said, “I’m sure - - I’m sure there had to have been
some.”  Therefore, even if we assume that counsel could have had the
nonresponsive answer stricken, it is reasonable to conclude that the State
would have followed up with a direct question on that issue.  

Accordingly,
because allowing the nonresponsive answer was consistent with Appellant’s
counsel’s strategy and because the State could have elicited the same
information by asking a direct question, we cannot conclude that failing to
object to Ricky’s nonresponsive answer fell below professional norms.  See
Jackson v. State, 877 S.W.2d at 771 (court declined to speculate
about counsel’s strategic decisions in absence of evidence in record on that
subject).

Conclusion

Appellant
has not shown what evidence counsel should have presented or created a
sufficient record to evaluate counsel’s strategic decisions not to present
whatever evidence may have been available.  Appellant has also not shown that
there was a valid objection that counsel failed to make or that he should have
objected to a nonresponsive answer.  Based upon our review of the record, we
hold that Appellant has not met his burden to show that trial counsel rendered
representation that fell below professional norms or that his representation
was deficient.  See Strickland, 466 U.S. at 689–90, 104 S. Ct. at
2065–66.  Accordingly, we overrule Appellant’s first issue.

 

Missing Presentence Investigation Report

            In
his second issue, Appellant argues that he is entitled to a new trial because
the presentence investigation report is missing from the record.  See Tex. R. App. P. 34.6(f).  The clerk’s record has now been
supplemented to include the presentence investigation report.  Accordingly, we
overrule Appellant’s second issue as moot.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
judgment of the trial court. 

 

                                                                                                Brian Hoyle

                                                                                       
                Justice

 

 

Opinion
delivered May 5, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
  
 
 
 
 
  
 


)