# NO. 12-10-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTONIO LATERRON JENKINS,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Antonio Laterron Jenkins appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for fifty years. Appellant raises four issues regarding sufficiency of the evidence, ineffective assistance of counsel, and improper prosecutorial argument. We affirm.

### BACKGROUND

According to Corey Allen, he was riding his bicycle home from a convenience store when he was approached by a stranger whom he later identified as Appellant. Appellant asked for a cigarette. Allen complied with Appellant's request, but then Appellant brandished a knife and said, "Give me your wallet or I'm going to stab you." Allen refused to give Appellant his wallet. Appellant then grabbed Allen's bicycle, but Allen shoved Appellant's hand off his bike and rode home. Allen told his father about the incident, and then Allen and his father told Officer Steve Dickens, an officer with the Lufkin Police Department. However, Allen did not know Appellant's name or where he could be found. As a result, the police investigated the incident, but could not find Appellant.

Several days later, Allen saw Appellant at a convenience store. Believing that Appellant was the person who tried to rob him, Allen contacted the police. The Lufkin police arrived, and

1

Allen identified Appellant as the person who tried to rob him.   When Appellant saw the Lufkin police, he ran away, but was apprehended.   When he was arrested, Appellant had a knife.

Appellant then gave the police his version of his interaction with Allen.   Appellant claimed that Allen was a user of crack cocaine and that Allen gave Appellant $100.00 and asked him to buy crack cocaine.   Appellant complied and then used his knife to cut the cocaine in half. Appellant asserted that Allen was unhappy with his portion of the cocaine and requested a refund of his money.   Appellant said he refused to provide Allen a refund and then he left.   The police believed Allen's version over Appellant's.

Appellant was charged with aggravated robbery, and the case proceeded to trial.   The jury returned a guilty verdict and assessed punishment at imprisonment for fifty years.   The trial court sentenced Appellant in accordance with the jury's verdict.   This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his third and fourth issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction.   Specifically, Appellant argues that the testimony is legally insufficient to establish that Appellant knowingly threatened or placed Allen in fear of imminent bodily injury.   Further, Appellant argues that his version of events should have been believed over Allen's and thus the evidence is factually insufficient as well.

**Standard of Review**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence.   *See **Jackson v. Virginia***, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979); ***Ross v. State***, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).   Prior to 2010, Texas appellate courts reviewed both the legal and factual sufficiency of the evidence to support a verdict in a criminal case.   In October 2010, the court of criminal appeals held that there is "no meaningful distinction" between the legal sufficiency standard and the factual sufficiency standard and overruled the line of cases requiring factual sufficiency review. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).   The court held that the ***Jackson v. Virginia*** legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. ***Id***. Accordingly, we will consider Appellant's arguments that the evidence is legally and factually insufficient together under the

2

*Jackson v. Virginia* standard of review.

Evidence is legally sufficient if, when viewing the evidence in a light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Westbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The fact finder is the judge of the weight and credibility of a witness's testimony. *Wesbrook*, 29 S.W.3d at 111. It is the exclusive province of the jury to reconcile conflicts in the evidence. *Id*. The jury may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

## Applicable Law

As relevant here, the State was required to prove that while in the course of committing theft, Appellant, with intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed Allen in fear of imminent bodily injury or death and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.01-.03 (Vernon 2011).

A deadly weapon is a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(A), (B) (Vernon 2011). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon 2011). "Bodily injury" means physical pain, illness, or impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon 2011).

A knife does not qualify as a deadly weapon per se under subsection (17)(A). *McCain v. State*, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000). Therefore, in the case at hand, the State had the burden to prove that Appellant (1) used or exhibited a knife (2) that in the manner of its use or intended use was capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 29.02(a)(2). Whether a particular knife is a deadly weapon depends upon the evidence presented. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). Factors to consider in determining that a particular knife is a deadly weapon include (1) the physical proximity between the alleged victim and the object; (2) any threats or words used by the accused; (3) the size, shape, and sharpness of the knife; (4) the potential of the object to inflict

3

death or serious bodily injury; and (5) the manner in which the accused allegedly used the object. ***Brown v. State***, 716 S.W.2d 939, 946-47 (Tex. Crim. App. 1986).

<u>Analysis</u>

Based on our review of the record, we conclude that the jury could have determined beyond a reasonable doubt that Appellant committed the offense of aggravated robbery. Allen testified that Appellant brandished a knife and demanded money. Appellant's demand included a threat that he would stab Allen if his demand was refused. Then, when Allen refused to give Appellant money, Appellant grabbed Allen's bicycle. Allen had to knock Appellant's hand off his bike, and then Allen quickly rode home. Allen stated that he was scared by Appellant's actions.

Officer Randall Brooks arrested Appellant after Allen spotted Appellant at a convenience store. When Brooks attempted to make contact with Appellant, Appellant tried to flee. Brooks was able to apprehend Appellant, and while detaining him, Brooks found that Appellant had a knife. Allen was shown the knife taken from Appellant, and Allen said the knife looked similar to the knife that Appellant used when he demanded Allen's money and grabbed Allen's bike. Allen described the knife to Officer Dickens the morning of the incident as a lock blade style knife approximately three inches closed. The knife Brooks recovered from Appellant was a lock blade style knife, easy to open, with a serrated blade. This knife was admitted into evidence. Brooks testified that the knife could cause serious bodily injury or death and was a deadly weapon. Thus, the State presented evidence that Appellant was very close to Allen, even grabbing Allen's bike at one point, Appellant threatened Allen with a knife, the knife was approximately three inches long with a serrated blade, and it could cause serious bodily injury or death.

Appellant presented his version of his encounter with Allen. According to Appellant, he was helping Allen obtain crack cocaine, and Allen became unhappy when he saw the amount of crack cocaine that he received for $100.00. After being refused a refund, Allen rode away saying that he was going to tell the police that Appellant robbed him. Appellant's story was completely contradicted by Allen's testimony, and the jury was free to resolve the conflict in the evidence against Appellant. ***Wesbrook***, 29 S.W.3d at 111. Appellant further presented evidence that Allen was acting strangely on the day that Officer Brooks arrested Appellant. Brooks asked Allen if he had been drinking. However, Brooks explained that he believed Allen's issues were related to cognitive difficulties rather than being impaired by alcohol.

4

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule Appellant's third and fourth issues.

## IMPROPER PROSECUTORIAL ARGUMENT

In his first issue, Appellant argues that the prosecuting attorney made improper jury argument by expressing a personal opinion outside the evidence and discussing the jury's ability to punish Appellant before Appellant had been found guilty. Specifically, Appellant contends that the prosecuting attorney made the following improper statements during her closing argument to the court:

> Now, one of the things about this kind of a case is that Mr. Jenkins, if you find that there was enough evidence beyond a reasonable doubt to find him guilty, is that the same 12 of you can decide what his punishment is. And, you know, I think that's kind of something that's a nice thing that if you find somebody guilty then you've got control over what happens to him. And you can be merciful, you can be not merciful. You can decide what the appropriate punishment might be. And there would be some additional evidence. We'd have a second phase if you find him guilty. But it's not like you just find him guilty and say, hey, you know, what's going to happen to Mr. Jenkins. You can decide that.
>
> And whatever you decide is fine with me. You know, it's fine with me, and I think it would be fine with Corey Allen. But we're just asking you to think about the other people that live in that neighborhood. Not everybody that lives in that neighborhood is [sic] crackheads. I don't live too far from there. There is [sic] people that live in historic homes over there on Grove and Mantooth. Some of the most beautiful historic houses in Lufkin are in that area.

The State asserts that Appellant failed to preserve error because he did not object to the allegedly improper statement. Appellant concedes that he did not object to the statement at trial. The failure to object to impermissible jury argument waives any error. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that defendant's failure to object to jury argument forfeits his right to complain on appeal). Accordingly, Appellant has waived his complaint that the prosecutor engaged in improper jury argument. We overrule Appellant's first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective for his failure to call any witnesses, including Appellant, and for presenting a deficient argument.

5

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See id.*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See id.*, 466 U.S. at 693, 104 S. Ct. at 2067-68.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835. A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

Here, Appellant contends that his attorney's performance at trial fell below the professional norm because he failed to call witnesses during the punishment phase of the trial and failed to make a longer closing argument. Appellant does not identify any additional witnesses, other than

6

himself, who should have testified. Nor does he offer the testimony that trial counsel could have elicited or otherwise show what kind of evidence could have been offered at the punishment trial. Similarly, Appellant does not disclose the additional argument that he contends should have been presented to the jury. In addition, Appellant did not file a motion for new trial. Accordingly, trial counsel has not had an opportunity to explain the reasons for his decisions at the punishment hearing. Thus, the record before us is silent about trial counsel's strategy or why he did not call witnesses or make a longer argument.

We cannot conclude that counsel was ineffective for failing to present evidence without a showing that such evidence exists or that it would have aided Appellant. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (holding that to obtain relief on ineffective assistance of counsel claim based on uncalled witness, accused must show witness had been available to testify and testimony would have been of some benefit to defense). Similarly, the record does not contain evidence to explain any of the strategic decisions counsel may have made. The complaints presented here are about strategy, specifically which witnesses to call and how to argue the case at closing. Without some explanation of the strategic decisions made by counsel, Appellant cannot rebut the presumption of competent counsel, and we cannot conclude that counsel's assistance fell below prevailing norms. *See Bone*, 77 S.W.3d at 836; *Jackson*, 877 S.W.2d at 771-72; *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (record did not support ineffective assistance claim where no evidence was offered to explain counsel's reasons for failing to investigate or to present mitigating evidence). Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. *See Jackson*, 877 S.W.2d at 771. We overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

7

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

8