

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00012-CR

_____

JERRY CRAIG, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 241-1385-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Jerry Craig, Jr.,[1] pled guilty to the charge of robbery and elected that the jury assess punishment. The trial court accepted Craig's plea and instructed the jury to find him guilty. Craig also pled true to having been convicted of a prior felony, which enhanced the range of punishment to a first degree felony. After the jury assessed punishment of forty-two years' imprisonment, the trial court sentenced Craig accordingly. On appeal, Craig claims his trial counsel was ineffective. We overrule Craig's point of error and affirm the trial court's judgment and sentence.

Craig's claim of ineffective assistance of counsel is based on references by the State, in opening argument, and in questions posed to the robbery victim, which brought out evidence the victim was a cancer survivor. Diane Cannella, the clerk at the CVS drugstore which Craig admitted robbing,[2] testified that about twelve years before the robbery, she had undergone successful treatment for leukemia. Craig claims that such evidence was irrelevant, or even if it had relevance, it was substantially more prejudicial than probative, and that by admitting it, the State encouraged the jury to reach a punishment verdict on an improper basis, to-wit, the allegedly

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]Craig approached the clerk at the counter and asked the price of different cartons of cigarettes; he requested one or two cartons—the testimony is not clear—and a cigar. After the clerk totaled the items, Craig told her to "void" the cigar purchase; he then grabbed the bag with the cigarettes. When the cigarettes fell from the bag, he commanded the woman to pick up the cigarettes or he would shoot her, although there was no evidence he brandished a firearm.

2

irrelevant testimony from Cannella. Thus, argues Craig, his trial counsel was ineffective for failing to object to the State's introduction of this evidence and discussion of it in argument.

## I.       Standard to Establish Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution, and Article 1, Section 10 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. The right to counsel requires more than the presence of a lawyer; it necessarily requires the right to effective assistance. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Powell v. Alabama*, 287 U.S. 45, 57 (1932). However, the right does not provide a right to errorless counsel, but rather to objectively reasonable representation. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland*, requiring a showing of both deficient performance and prejudice. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd). Ineffective assistance of counsel claims cannot be "built on retrospective speculation," but must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). First, Craig must show that trial counsel's representation fell below an objective standard of reasonableness. *Fox*,

3

175 S.W.3d at 485 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).[3]

The second *Strickland* prong requires a showing that the deficient performance prejudiced the defense to the degree that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. Failure to satisfy either part of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006). It is not necessary to conduct the *Strickland* analysis in any particular order; if an appellant cannot demonstrate sufficient prejudice, a court may dispose of the claim on that ground. *Strickland*, 466 U.S. 697; *Hagens v. State*, 979 S.W.2d 788, 793–94

---

[3]The record on direct appeal is frequently insufficiently developed to support a claim of ineffective assistance of counsel; the best way to make a sufficient record to support such a claim is by a hearing on a motion for new trial or a hearing on an application for writ of habeas corpus. *Jackson*, 877 S.W.2d at 773. When facing a silent record as to defense counsel's strategy, an appellate court will not speculate as to counsel's tactics or reasons for taking or not taking certain actions. *Id*. at 771. Because the trial record is directed to the issues of guilt or innocence and punishment (or in this case, punishment alone), an additional record focused specifically on the conduct of counsel, such as a record of a hearing on a motion for new trial asserting ineffective assistance of counsel, is generally needed. *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Only when "counsel's ineffectiveness is so apparent from the record" will an appellant prevail on direct appeal absent a hearing on a motion for new trial asserting an ineffective assistance of counsel claim. *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003); *Kemp*, 892 S.W.2d at 115.

(Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Gamboa v. State*, 822 S.W.2d 328, 330 (Tex. App.—Beaumont 1992, pet. ref'd).

## II. Was Counsel's Performance Deficient?

Craig claims Cannella's medical history was not relevant to her description of the robbery. We observe that it is not uncommon to introduce witnesses with preliminary questions about their family life and history. Here, the background questions to the witness included her birthplace, childhood residence, marriage and children, previous employment, medical history of leukemia, transfer to Smith County, and finally, her employment with CVS Pharmacy where this offense occurred. While none of this information is directly relevant in determining the punishment, it is commonly presented by both the State and the defense, without objection, to introduce the witness to the jury. *See Hunt v. State*, No. 14-00-01293-CR, 2001 Tex. App. LEXIS 8469, at *6–7 (Tex. App.—Houston [14th Dist.] Dec. 20, 2001, pet. ref'd) (mem. op., not designated for publication)[4] ("It is clear from the record that the question, together with those that preceded it, occurring during the first one or two minutes of Mr. Holmes' testimony, was intended to be background information introducing the witness to the jury. Such introductory questions, while perhaps legally irrelevant, are commonplace and accepted."). It is true Cannella's past illness and successful treatment did not have an explicit tendency to make a fact of consequence more probable or less probable. TEX. R. EVID. 401. But in the course of introducing the witness and having her explain her life before

---

[4]Although this unpublished case has no precedential value, we may have guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

5

moving to Smith County, we cannot say that briefly touching on the witness' personal story was so improper as to require an objection by counsel. As has been stated in hundreds of previous cases urging that counsel was ineffective, there are numerous reasons counsel may decide it is not in the client's best interest to object to irrelevant evidence and without a record, we cannot determine counsel had no logical rationale for failing to object.

Based on the state of the record before us, silent as it is regarding trial counsel's actions, Craig has failed to rebut the strong presumption that counsel's representation was within a wide range of reasonable, professional assistance, and was motivated by sound trial strategy. The state of the record precludes Craig from meeting the first prong of the *Strickland* test, and he thus cannot prove his claim of ineffective assistance of counsel. *See Lopez v. State*, No. PD-0481-10, 2011 Tex. Crim. App. LEXIS 826, at \*13 (Tex. Crim. App. June 15, 2011). Having failed on the first *Strickland* prong, Craig's claim of ineffective assistance of counsel fails. *Martinez*, 195 S.W.3d at 730 (failure to satisfy either prong of *Strickland* test fatal).

## III. Inability to Show Prejudice

Even if Craig could demonstrate his trial counsel rendered deficient performance in his trial representation, we would not find Craig was prejudiced. The State alluded to Cannella's medical history in opening argument: the State described Cannella as a "cancer survivor," and said,

> [I]n 1995 she was diagnosed with leukemia, and she went through a three- to four-year battle fighting cancer, going through all the treatments that someone

> would go through who has a life-threatening disease like she had. And she battled it as hard as she could and she beat it.

These statements were the only references in about eight pages of opening argument. The rest of the State's time was spent summarizing the anticipated evidence about the offense and Craig's criminal history. Cannella's testimony at trial takes up about seventeen pages of direct examination; the State questioned her for about twelve lines of testimony regarding her leukemia and treatment. Unprompted, she later made one mention of her past illness, answering a State question about Craig having threatened her life: "Well, after battling leukemia trying to work and raise a family, I never thought I'd be threatened and killed over two cartons of cigarettes." Discussion of Cannella's surviving cancer was a relatively small part of the State's evidence.

Cannella also described the robbery and her fear; a co-worker testified to what she saw that night at the store; the jury was presented evidence of still pictures taken from the store's security cameras showing Craig intimidating or threatening Cannella and Craig's prior convictions (which included three convictions for forgery; the robbery used to enhance his range of punishment; and Nebraska convictions for the misdemeanors of contributing to the delinquency of a minor and procuring/selling alcohol to a minor). Craig acknowledged his guilt for this crime and the prior robbery charge. The facts do not establish that even if deficient performance were shown by counsel's failure to object to Cannella's testimony about her medical history, there is a reasonable probability the punishment trial would have had a different outcome. *See Strickland*, 466 U.S. at 694.

7

Craig has failed to demonstrate his trial counsel was ineffective, and we overrule his appellate complaint.   We affirm the judgment of the trial court.


                                        Jack Carter
                                        Justice

Date Submitted:     July 28, 2011
Date Decided:       August 2, 2011

Do Not Publish