# NO. 12-12-00347-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRENT MERGERSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Brent Dion Mergerson appeals his conviction for driving while license invalid. In two issues, Appellant argues that he received ineffective assistance of counsel and that the trial court erred in overruling his motion for new trial. We affirm.

### BACKGROUND

A jury found Appellant guilty of the class B misdemeanor offense of driving while license invalid. The offense is ordinarily a class C misdemeanor, but the offense in this case was the higher level because it was alleged, and proven at trial, that Appellant had a previous conviction for the same offense.[1]

Appellant pleaded not guilty at his trial, but the jury found him guilty as charged. The trial court sentenced Appellant to an agreed upon suspended jail sentence, and this appeal followed.

---

[1] *See* TEX. TRANSP. CODE ANN. § 521.457(f) (West 2013).

In his first issue, Appellant argues that he received ineffective assistance of counsel because trial counsel did not present evidence in a persuasive way and because counsel failed to present certain evidence and call a specific witness.

## Applicable Law–Ineffective Assistance of Counsel

We evaluate claims of ineffective assistance of counsel under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Counsel's representation is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An appellant has the burden of proving ineffective assistance of counsel and must overcome the presumption that "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (internal quotations omitted).

An appellant cannot meet this burden if the record does not affirmatively support the claim. *See Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007) (court presumed trial counsel had reasonable trial strategy in absence of record indicating reasons for a trial counsel's actions or intentions); *Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance). Generally, a record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State,* 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). And, before being condemned as "unprofessional and incompetent," defense

2

counsel should "ordinarily [be given] an opportunity to explain [his] actions."  *See* ***Bone v. State***, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

**Analysis**

Appellant asserts that his defense in this case was that he made a "mistake of fact" as to whether he had the right to drive in Texas.   There are three documents that Appellant asserts are part of this defense.   The first document is an order of suspension issued by the Texas Department of Public Safety on January 12, 2011.   That order was never introduced at Appellant's trial or at the hearing on his motion for new trial and is not in the appellate record.[2]   The parties did discuss the order during the trial.   The order states that Appellant's license was suspended from December 6, 2010, until May 19, 2011.   It also states that his driving privileges would continue to be suspended beyond the "mandatory period" unless he "file[d] with the Department" and maintained proof of financial responsibility.

The second document is an order signed by the Nacogdoches County, Texas, Precinct 2 Justice of the Peace granting a motion by the "Department of Public Safety Representative" to dismiss a cause in October 25, 2011.[3]   The document conspicuously states on the bottom that it is "NOT A PERMIT TO DRIVE."   This document was never introduced in the trial court and is not in the appellate record.   The third document is from the State of California and states that Appellant's license was eligible for renewal as of March 2, 2010.   This document is also not in the appellate record.   Appellant's position is that he thought the first document stated that he merely needed to obtain proof of financial responsibility to be permitted to drive.   He interpreted the dismissal in October 2011 to be an acquittal on the charge of driving with an invalid license.[4]   And he interpreted the fact that his license was eligible for renewal to mean that he had a license to drive, despite the fact that the document itself states that his license "will not be reinstated until you take care of this with

---

[2] It appears that trial counsel offered the document during the trial, but the trial court sustained the State's objection to it.   Appellant has attached this letter and several others to his brief.   Evidence may not be placed into the appellate record in this way.   The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.   Tex. R. App. P. 34.1.   A party may not circumvent the appellate rules by submitting evidence with an appellate brief.   *See*, *e.g.*, ***Whitehead v. State***, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

[3] Appellant states that he was found "not guilty" in the justice of the peace court.   This document does not establish that he was found not guilty in that court.

[4] The State maintained that the offense in the justice court was the present offense.   The State suggested that the charge was initially filed in the justice of the peace court as a class C misdemeanor, but that it was dismissed and refiled as the enhanced offense.

3

your licensing agency."

Appellant argues that trial counsel should have introduced these documents to show that Appellant reasonably believed he had a valid license on the date he was ticketed. As we have stated previously, we will not "fault counsel for failing to offer inadmissible evidence." *See Grantham v. State*, 116 S.W.3d 136, 147 (Tex. App.–Tyler 2003, pet. ref'd). Appellant has not shown that the documents he attaches to his brief are admissible, the documents are not authenticated in any way, and they were never admitted in the trial court. Finally, the State has not had an opportunity to respond to them. In fact, the only document that was ever offered, the letter from the Texas Department of Public Safety, was ruled to be inadmissible by the trial court.

The same problem is presented by Appellant's argument that trial counsel should have called a specific witness. Appellant asserted in his motion for new trial that he discussed the letter from the Texas Department of Public Safety with the assistant principal of a middle school in Nacogdoches, Texas. He asserts that counsel should have called the assistant principal and that he would have testified the letter was "clearly not grammatically nor appropriately written." However, when challenging an attorney's failure to call a particular witness, a defendant must show that the witness "had been available to testify and that his testimony would have been of some benefit to the defense." *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007). Appellant did not do this. He merely named the witness and summarized his testimony in his motion for a new trial. He did not actually introduce the testimony and, again, the State was not able to test the proposed evidence. An affidavit attached to a motion for new trial can become evidence if it is introduced at a hearing. *See McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985). But the statements contained in a motion for new trial are not self–proving and are not evidence unless offered at a hearing. *See Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009).

Appellant has not met his burden to establish that trial counsel was ineffective. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant introduced no evidence at either of two hearings on the motion for new trial and has not shown that counsel should have employed a different strategy or presented additional evidence. We overrule Appellant's first issue.

## MOTION FOR NEW TRIAL

In his second issue, Appellant argues that the trial court should have appointed new counsel as

soon as he filed a pro se motion for new trial.

**Background**

Following his conviction, Appellant filed a motion for new trial alleging ineffective assistance of counsel. Trial counsel moved to withdraw at the hearing. The trial court granted that motion and appointed new counsel. That attorney also sought to withdraw, and the trial court appointed a third attorney. The third attorney filed an amended motion for new trial. The State argued that the amendment was untimely because it was not filed within thirty days of the verdict. *See* TEX. R. APP. P. 21.4(b).

**Analysis**

Appellant argues that he was deprived of his right to due process because he did not have counsel to assist him with preparation of an amended motion for new trial. Specifically, he argues that because replacement counsel was appointed more than thirty days after sentencing, he was unable to have assistance filing an amended motion for new trial. This argument fails because the trial court did consider the amended motion for new trial filed by Appellant and because the amended motion is without merit.

At the hearing on the amended motion, the trial court specifically asked Appellant's counsel if she was "planning on putting on evidence for the hearing or on just the arguments." The State objected to consideration of the amended motion for new trial because it was untimely filed. The trial court implicitly overruled that objection and discussed the issues presented with Appellant's counsel and the attorney representing the State. The trial court ultimately overruled the motion for new trial, but the court never prevented Appellant from offering evidence or testimony in support of the original motion or the amended motion.

Even if the trial court had not considered Appellant's amended motion, Appellant has not shown that he has been harmed because the amended motion would not have been granted by the trial court. The cornerstone of Appellant's nascent argument is that the letter from the Texas Department of Public Service somehow granted him the right to end his suspension immediately if he obtained automobile insurance. Because he never presented it, we are without the testimony of Appellant's witness who would, Appellant supposes, support his interpretation of the document. Even so, Appellant's interpretation of the document is not reasonable. The document clearly states that his license is to be suspended for a specific period of time. The document goes on to say that his license

5

will remain suspended after that period of time if he does not obtain insurance. He was stopped for this offense within that initial period of time. The trial court carefully and professionally discussed this document and the document from California with Appellant's counsel. The court gave Appellant an opportunity to present a persuasive argument but one was not, and is not, forthcoming.

Appellant has not shown that the trial court erred in its handling of its plenary power following the conviction or that the timing of the appointment of counsel caused him any prejudice. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 31, 2013**

**NO. 12-12-00347-CR**

**BRENT MERGERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Nacogdoches County, Texas. (Tr.Ct.No. CF1101102)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*