# NO. 12-14-00182-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEPHEN ALBRO, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Stephen Albro, Jr. appeals his conviction for burglary of a habitation, for which he was sentenced to imprisonment for twenty years. In two issues, Appellant argues that the trial court abused its discretion in overruling his motion for new trial because he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation and pleaded "guilty" without an agreed punishment recommendation. After reviewing the presentence investigation report (PSI) and conducting a punishment hearing, the trial court sentenced Appellant to imprisonment for twenty years. Appellant filed a motion for new trial, in which he argued he received ineffective assistance of counsel. The trial court conducted a hearing on Appellant's motion and considered testimony from Appellant's trial counsel. Ultimately, Appellant's motion for new trial was overruled by operation of law. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Appellant argues that his trial counsel was ineffective because he (1) failed to prepare Appellant for his sentencing hearing, (2) failed to review the PSI sufficiently

with him, (3) led Appellant to mistakenly believe he had been offered community supervision, (4) failed to make Appellant aware that an enhancement notice had been filed, which increased the potential range of punishment from that of a second degree felony to that of a first degree felony,[1] (5) failed to call numerous witnesses at his punishment hearing, and (6) failed to keep Appellant sufficiently informed with regard to the plea process. In his second issue, Appellant contends that the trial court erred in not granting his motion for new trial on this basis.

**Standard of Review and Applicable Law**

The granting or denying of a motion for new trial lies within the sound discretion of the trial court. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). We reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* at 695 n.4. We may not substitute our judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. *Id.*

At a hearing on a motion for new trial, a trial court, as finder of fact, is free to believe or disbelieve the testimony of any witness, even if the testimony is uncontroverted. *Bell v. State*, 256 S.W3d 465, 468 (Tex. App.–Waco 2008, no pet.). Thus, we must defer to the trial court in assessing the witnesses' credibility in a motion for new trial. *Id.*, *see also Camilo v. State*, No. 06-08-00164-CR, 2009 WL 348564, at *1 n.3 (Tex. App.–Texarkana Feb. 13, 2009, no pet.) (mem. op., not designated for publication). Because the trial judge is prohibited from commenting on the evidence in ruling on a motion for new trial, reviewing courts may impute implicit factual findings that support the trial judge's ultimate ruling in denying a motion for new trial when such findings are both reasonable and supported by the record. *See Shamin v. State*, 443 S.W.3d 316, 321 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd).

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell

---

[1] Appellant argues that as a result of his trial counsel's misinforming him, his waiver of jury trial and "guilty" plea were not made freely and voluntarily.

below the professional norm of reasonableness. *See **McFarland v. State***, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See **Strickland***, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the ***Strickland*** standard, the appellant also is required to show prejudice from the deficient performance of his attorney. *See **Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See **Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See **id***. Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See **id***. Appellant cannot meet this burden if the record does not affirmatively support the claim. *See **Menefield v. State***, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).

A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See **Kemp v. State***, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See **Bone v. State***, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. ***Id***. at 835.

## "Guilty" Plea Based on Misinformation

Appellant first contends that his trial counsel caused him to mistakenly believe that the prosecutor would offer community supervision if he waived his right to a jury trial and pleaded "guilty." Appellant argues that, as a result, his trial counsel was ineffective because he did not require the State to honor any offer of community supervision or inform the trial court that the State had retracted its offer. This, Appellant urges, caused his "guilty" plea to have been involuntarily made.

In his affidavit[2] filed in support of his motion for new trial, Appellant acknowledges that he was aware of the plea agreement's statement that his punishment would be imprisonment for ten years. But he argues he was "told" that if he waived his right to a jury trial and testified against his codefendants, the prosecutor would recommend community supervision in return for his cooperation. Appellant does not identify in his affidavit who made this statement to him. But assuming arguendo that Appellant intended to attribute the statement to his trial counsel, we note that counsel testified he made no such representation to Appellant.

Appellant's affidavit further states he "thought" he would be offered community supervision if he waived his right to a jury trial and pleaded "guilty." However, Appellant's trial counsel and the prosecuting attorney testified that no offer of community supervision was made or would ever be made. A letter from Appellant to his trial counsel was introduced into evidence as well. In that letter, Appellant acknowledged that community supervision was not available to him. Furthermore, at the plea proceeding, Appellant acknowledged to the trial court that he signed written admonishments and was pleading "guilty" of his own free will. He further acknowledged that there was no agreement concerning his punishment and that he understood that the court could assess his punishment at imprisonment for as many as twenty years.

There is no evidence of record that Appellant's trial counsel persuaded Appellant to plead "guilty" based on what he anticipated the trial court's sentence would be. Instead, there is only Appellant's vague affidavit testimony that he was "told" the prosecutor would offer or recommend community supervision if he pleaded "guilty."

In its evaluation of the evidence presented in conjunction with Appellant's motion for new trial, the trial court was entitled to believe Appellant's trial counsel's and the prosecutor's respective testimonies that no offer of community supervision was or would be made and that Appellant was aware of that fact. *See **Bell***, 256 S.W.3d at 468. Therefore, we conclude that Appellant has failed to demonstrate the State made an offer of community supervision or that his trial counsel caused him to believe any such offer existed.

---

[2] Appellant was not present in court for the hearing on his motion for new trial. His attorney "waiv[ed the need for] his presence" at the hearing, and the court conducted the hearing in his absence.

**Misinformation about Enhancement**

Appellant next contends that his trial counsel was ineffective because he failed to adequately convey to him that his prior felony conviction for murder and aggravated robbery[3] could be used against him to enhance the range of punishment he faced to that of a first degree felony. In his affidavit, Appellant correctly notes that he was admonished at the plea proceeding that the range of punishment for the offense in this case (burglary of a habitation) was two to twenty years. However, he also states he was never told that his prior conviction could or would be used to enhance the punishment range to that of a first degree felony. Appellant's mother corroborated his testimony. She testified that Appellant was not made aware that the range of punishment he was facing had been increased by virtue of the enhancement notice filed by the State.

Yet Appellant's trial counsel testified that he spent considerable time with both Appellant and his mother explaining to them that the previous conviction would be used to enhance the range of punishment and that they understood the enhancement's effect on the case. Moreover, at the punishment hearing, the trial court addressed the matter of the enhancement notice and asked Appellant if he was aware of it and the effect it would have on the range of punishment. Appellant's trial counsel responded that he and Appellant were aware. There is no indication from the record that Appellant disagreed with his trial counsel's assessment.

There was ample evidence presented at the hearing on Appellant's motion to permit the trial court reasonably to conclude that Appellant was aware of the enhancement and increased range of punishment before proceeding with the sentencing hearing. Therefore, we conclude that Appellant has not shown his trial counsel failed to explain that his prior conviction could be used to increase the range of punishment in this case.

**Inadequate Preparation for Sentencing Hearing**

Appellant next argues that his trial counsel was ineffective by not adequately reviewing the PSI with him or preparing him for the punishment hearing. In his affidavit, Appellant states that his trial counsel spent only three to four minutes with him prior to the sentencing hearing

---

[3] When he was a juvenile, Appellant was found to have engaged in delinquent conduct involving murder and aggravated robbery and was committed to the Texas Youth Commission (TYC). He was later transferred to the to the Pardons and Parole Division of the Texas Department of Criminal Justice and placed on parole for the remaining twenty-seven years of his thirty year determinate sentence. For enhancement purposes here, an adjudication by a juvenile court that a child engaged in delinquent conduct constituting a felony offense for which the child is committed to the Texas Juvenile Justice Department under Texas Family Code, Section 54.04(d)(2), is a final felony conviction. *See* TEX. PENAL CODE ANN. 12.42(f) (West Supp. 2014).

and spent only thirty to forty-five seconds of that time reviewing the PSI with him. As a result, according to Appellant, he did not have a complete understanding of the contents of the PSI and was unprepared for the hearing.

We first note that Appellant's argument focuses on his trial counsel's alleged failure to prepare him for sentencing. He does not contend that the information contained in the PSI was inaccurate or misleading. At the hearing on Appellant's motion for new trial, his trial counsel testified that he spent considerably more time reviewing the PSI with Appellant as well as the letters of support and other documents he submitted for inclusion in the PSI. His trial counsel further testified that while he did not spend an inordinate amount of time talking to Appellant immediately prior to the sentencing hearing, he previously spent considerable time discussing the matter with Appellant and his mother. The trial court was entitled to weigh the testimony before it on this point and to determine that Appellant's trial counsel sufficiently reviewed the PSI with Appellant and adequately prepared him for the sentencing hearing. Thus, we conclude that Appellant has not shown his trial counsel failed to adequately review the PSI with him or prepare him for the punishment hearing.

## Failure to Call Witnesses

Appellant further argues that his trial counsel was ineffective by not calling several witnesses who were present in the courtroom to testify at his sentencing hearing. To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the appellant must show that the witness was available to testify and that his testimony would have been of some benefit to the defense. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). Here, Appellant failed to specify what the subject matter of these witnesses' testimonies would have been and did not call any of them to testify at the hearing on his motion for new trial. Therefore, there is no evidence in the record that trial counsel was ineffective for failing to call these witnesses.

## Failure to Keep Appellant Informed Regarding Plea Process

Lastly, Appellant contends that his trial counsel was ineffective by not keeping him adequately informed regarding the plea process. As a result, Appellant argues that he did not make an informed decision regarding whether to waive his right to a jury trial, to accept the State's plea bargain offer, and to plead "guilty." In his affidavit, Appellant states that his trial counsel never came to the jail to meet with him, did not return his phone calls, and failed to send

6

him written correspondence regarding his case. Indeed, Appellant's trial counsel testified that he did not visit Appellant in jail and did not routinely correspond with him. But he denied that his communications with Appellant were inadequate. Rather, according to Appellant's trial counsel, he took numerous telephone calls from Appellant. Further, he testified that he had several conferences with Appellant's mother that lasted up to two hours. At those conferences, according to Appellant's trial counsel, he discussed the case with Appellant's mother in great detail. He further testified that he spoke with Appellant at length during previous court appearances and when the trial court allowed Appellant to be brought to the courthouse from jail for consultation.

Once again, the trial court was entitled to believe Appellant's trial counsel's testimony that Appellant was properly and adequately informed about his case and could conclude that Appellant made decisions concerning his "guilty" plea freely and voluntarily. Therefore, we conclude that Appellant failed to demonstrate that his counsel did not keep him adequately informed regarding the plea process.

**Harm**

Appellant failed to meet his burden of proof under the first prong of the ***Strickland*** test. But even had he met this burden, the outcome would not change because he also has failed to show that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). The record indicates that Appellant was admonished concerning an incorrect range of punishment for the offense charged in light of the enhancement notice. But the sentence imposed was within the range of punishment stated in the admonishments. Moreover, the record reflects that Appellant had engaged in criminal activity a few years after being placed on parole. Appellant's trial counsel testified that in his presentation of Appellant's case, he highlighted accomplishments Appellant made during his period of commitment along with a plan for Appellant to relocate to Houston to avoid continued exposure to bad influences such as those that led to the instant charges. He further testified that he spent considerable time working with Appellant's mother on how to best present this mitigation defense, which he described as a "good plan." However, he conceded that as worthy as this approach may have been, he explained to Appellant that obstacles to that plan—the more than twenty remaining years of his parole—still loomed large.

Appellant acknowledges his burden of proof, but addresses the second prong of the *Strickland* test with only conclusory statements and a general assertion that the sentence imposed would have been different had trial counsel spent more time with him or done more at the hearing. These statements do not satisfy the second prong of *Strickland*. Therefore, because Appellant failed to demonstrate that the results of the proceeding would have been different, he has failed to meet the second prong of the *Strickland* test.

## Summation

Appellant failed to meet his burden of proof on either element under the *Strickland* test. As a result, we hold that (1) Appellant failed to demonstrate that he received ineffective assistance of counsel and (2) the trial court did not abuse its discretion in overruling Appellant's motion for new trial. Appellant's first and second issues are overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered May 13, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 13, 2015

NO. 12-14-00182-CR

**STEPHEN ALBRO, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0614)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*